IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT N. SPANN, | : | Civil No. 3:18-cv-421 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| GENE BERDANIER, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

I. **Background**

On February 20, 2018, Plaintiff Robert Spann ("Spann"), an inmate who, at all relevant times, was housed at the Schuylkill County Prison, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Warden Gene Berdanier, Deputy Warden David Wapinski, Judge William Baldwin, District Attorney Michael O'Pake, Sheriff Joseph Groody, and County Commissioners George Halcovage, Jr., Gary Hess, and Frank Staudenmeier. (*Id.* at pp. 3, 6). Spann alleges that from November 2017 to mid-January 2018, the heating system at the Schuylkill County Prison was not operating correctly and, as a result, the shower water was cold. (*Id.* at p. 7). He further alleges that the prison windows were broken and very drafty, exposing him to cold temperatures. (*Id.*).

Presently pending before the Court is Defendants' motion for summary judgment.[1]

---

[1] By Order dated November 13, 2018, the Court provided notice to the parties that Defendants' motion (Doc. 14) would be treated as a motion for summary judgment, and the Court placed the parties on

(Doc. 14). Despite being directed to file a brief in opposition to Defendants' motion, Spann failed to oppose the motion. (*See* Doc. 18 ¶ 3). Consequently, the motion is deemed unopposed and ripe for disposition. *See* L.R. 7.6 ("Any party opposing any motion . . . shall file a brief in opposition . . . [or] shall be deemed not to oppose such motion"). For the reasons set forth below, the Court will grant Defendants' motion.

## II. Summary Judgment Standard of Review

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." FED. R. CIV. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of

---

notice that it may consider exhaustion in its role as fact finder under *Small v. Camden County*, 728 F.3d 265 (3d Cir. 2013). (Doc. 18) (citing *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018)). The Order also afforded the parties the opportunity to supplement the record with any additional supporting evidence relevant to exhaustion of administrative remedies. (*Id.*).

the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). If a party has carried its burden under the summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe

3

it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

## III. <u>Statement of Undisputed Facts[2]</u>

During Spann's incarceration at the Schuylkill County Prison, the Prison had an Inmate Grievance Procedure in effect. (Doc. 20, Statement of Material Facts ("SMF"), ¶ 2; Doc. 17, Affidavit of David Wapinsky, ¶ 3; Doc. 17-1, Schuylkill County Prison Inmate Grievance Policy). At all relevant times, a copy of the Schuylkill County Grievance Procedure was posted in Spann's housing block. (Doc. 21, Affidavit of Lieutenant Michael Buchanan, ¶ 3).

Under the Schuylkill County Grievance Policy, the Deputy Warden serves as the Grievance Coordinator. (SMF ¶ 3). Inmates must complete an Inmate Request Slip in order to request grievance forms from the Deputy Warden. (SMF ¶ 3; Doc. 21, Affidavit of Lieutenant Michael Buchanan, ¶ 5). The Deputy Warden provides the grievance forms to

---

[2] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues for trial. *See id.* Unless otherwise noted, the factual background herein derives from the Defendants' Rule 56.1 statements of material facts. (Doc. 20). Spann did not file a response to Defendants' statement of material facts. The Court accordingly deems the facts set forth by Defendants to be undisputed. *See* LOCAL RULE OF COURT 56.1. *See also* (Doc. 18 ¶ 4) (advising Spann that failure to file a responsive statement of material facts would result in the facts set forth in Defendants' statement of material facts being deemed admitted).

inmates. (*Id.*).

Pursuant to the grievance procedure, a grievance must be filed within thirty (30) days of an incident. (*Id.*). Upon receipt of the grievance, the Deputy Warden will number the grievance and issue a decision. (SMF ¶ 3; Doc. 17, Affidavit of Deputy Warden David Wapinsky, ¶ 3; Doc. 17-1). Inmates who are dissatisfied with the response of the Deputy Warden have the right to appeal that decision. (SMF ¶ 4). The appeal must be submitted in writing to the Warden within ten (10) days after receipt of the grievance response. (*Id.*). The decision of the Warden is final. (*Id.*).

During his incarceration at the Schuylkill County Prison, Spann filed two grievances. (SMF ¶ 5). Spann filed Grievance Number 1093 relating to cold temperatures in the prison and cold shower water, which is relevant to the instant action. (SMF ¶ 5; SMF ¶ 5; Doc. 17-2, p. 1, Grievance Number 1093). Spann filed Grievance Number Grievance 1115 relating to a commissary issue, which is not relevant to the instant proceeding. (SMF ¶ 5; Doc. 17-2, p. 2, Grievance Number 1115).

With regard to Grievance Number 1093, Spann requested a grievance form on January 8, 2018. (SMF ¶ 6). On January 9, 2018, the grievance form was sent to Spann. (SMF ¶ 6; Doc. 17, Affidavit David Wapinsky, ¶ 8; Doc. 17-3). On January 18, 2018, the Deputy Warden denied Grievance Number 1093. (Doc. 17-2, p. 1, Grievance Number 1093). On January 21, 2018, Spann requested a grievance appeal form. (SMF ¶ 6; Doc.

17-3, Inmate Request for Grievance Appeal Form). On January 22, 2018, an appeal form was sent to Spann. (*Id.*). Although Spann was timely provided with a grievance appeal form, he failed to file an appeal of the denial of Grievance Number 1093. (SMF ¶ 8; Doc. 17, Affidavit of Deputy Warden David Wapinsky, ¶ 11; Doc. 16, Affidavit of Warden Eugene Berdanier, ¶ 3).

## IV. Discussion

Defendants argue that Spann failed to exhaust administrative remedies prior to filing suit, Spann failed to establish a physical injury as required by § 1997e(e) of the Prison Litigation Reform Act, Spann's claims against the individual prison board members based on their supervisory roles must be dismissed, and, Spann's claim for monetary damages in a specific sum must be stricken from the complaint. (Doc. 15). The Court finds that Defendants' argument regarding failure to exhaust administrative remedies is dispositive of the motion, thus the alternative arguments will not be addressed. *See Small v. Camden County*, 728 F.3d 265, 270 (3d Cir. 2010) ("exhaustion is a threshold issue that *courts* must address to determine whether litigation is being conducted in the right forum at the right time") (internal citation omitted) (emphasis in original).

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741

(2001). The exhaustion requirement is mandatory, see *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *see also Booth*, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000) (same), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Courts have also imposed a procedural default component on the exhaustion requirement, holding that inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004). Inmates who fail to fully, or timely, complete the prison grievance process, or who fail to identify the named defendants, are barred from subsequently litigating claims in federal court. *See Spruill*, 372 F.3d 218. An "untimely or otherwise procedurally defective administrative grievance" does not satisfy the PLRA's exhaustion requirement. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). Thus, the PLRA mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. *Id.* at 92.

The Schuylkill County Prison has an Inmate Grievance Policy that was in effect at all times relevant to the instant action. Under the policy, a grievance must be filed on a

grievance form with the Deputy Warden, and must be filed within thirty (30) days after the incident has occurred. The Deputy Warden will then issue a decision. Inmates who are dissatisfied with the response of the Deputy Warden have the right to appeal that decision to the Warden. The appeal must be submitted in writing to the Warden within ten (10) days after receipt of the Deputy Warden's response. The Warden's decision is final. Specifically, the grievance appeal process provides as follows:

> Offenders who are dissatisfied with the response to their filed grievance have the right to appeal that decision. An appeal will be submitted in writing to the Warden within ten (10) days of the date you received a response to the grievance filed. **THE WARDEN'S DECISION ON THE APPEAL WILL BE FINAL.**

(Doc. 17-1, p. 3, Schuylkill County Prison Inmate Grievance Policy) (emphasis in original).

During Spann's incarceration at the Schuylkill County Prison, he filed two grievances. Of those two grievances, only one pertains to the claims in the Spann's complaint.

On January 9, 2018, Spann filed Grievance Number 1093 relating to cold temperatures in the prison and cold shower water. On January 18, 2018, Grievance Number 1093 was denied. On January 21, 2018, Spann requested a grievance appeal form. (Doc. 17-3, p. 1, Inmate Request for Grievance Appeal Form). On January 2, 2018, Spann was provided with a grievance appeal form. (*Id.*). Pursuant to the Schuylkill County Grievance Policy, an appeal must be filed in writing to the Warden within ten (10) days from

the date the inmate receives the Deputy Warden's response. The uncontroverted evidence reflects that Spann did not file an appeal of Grievance Number 1093 in accordance with the prison grievance procedure. As such, the record establishes that Spann failed to exhaust the administrative grievance procedure available at the Schuylkill County Prison.

In certain circumstances, a prisoner may be excused from the exhaustion requirement. The Third Circuit recognizes a "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." *Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002). An inmate's failure to exhaust will only be excused "under certain limited circumstances," *Harris v. Armstrong*, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." *Davis*, 49 F. App'x at 368. The Third Circuit has held that the institution "rendered its administrative remedies unavailable to [an inmate] when it failed to timely (by its own procedural rules) respond to his grievance and then repeatedly ignored his follow-up requests for a decision on his claim." *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 154 (3d Cir. 2016). In the present matter, Spann does not allege, nor does he present any affirmative evidence, that he was he misled or ignored by prison officials, was impeded in filing a grievance, or that some other extraordinary circumstance prevented him from complying with the grievance process. Notably, despite being directed to file a brief in

opposition to Defendants' motion, Spann has failed to oppose Defendants' motion and failed to file a responsive statement of material facts. The Court thus finds that there is no genuine dispute of fact that Spann failed to exhaust his administrative remedies prior to filing the instant action.

A party opposing summary judgment must come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. *See Anderson*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986); *see also* FED. R. CIV. P. 56(c), (e). Spann has failed to meet his burden with respect to the administrative exhaustion of his present claims. Defendants are therefore entitled to an entry of summary judgment in their favor.

## V. Conclusion

Based on the foregoing, Defendants' unopposed motion will be granted. A separate Order shall issue.

Dated: January 4, 2019

Robert D. Mariani
United States District Judge